UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES GABRIEL SMITH,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

Case No. 1:18-CV-1130
(Crim. Case No. 1:16-CR-132-3)

HON. GORDON J. QUIST

## OPINION REGARDING SMITH'S § 2255 MOTION

Pursuant to 28 U.S.C. § 2255, James Gabriel Smith moves to vacate, set aside, or correct his sentence. Because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the Court will deny the Motion without requiring the Government to respond. § 2255(b).

On July 5, 2017, appearing before Magistrate Judge Ray Kent, Smith pleaded guilty to Count 4 of the Superseding Indictment charging sex trafficking of a minor in violation of 18 U.S.C. § 1591(a)(1). On July 20, 2017, this Court accepted Smith's guilty plea and adjudicated Smith guilty. On October 26, 2017, Smith was sentenced to 240 months' imprisonment.

In the instant Motion, Smith raises no factual challenge to his sentence. Smith only argues the legal issues regarding whether Congress has the power to regulate, the Government has the authority to prosecute, and the Court has the authority to adjudicate sex-trafficking crimes.

In his 19 pages of briefing on the Motion, Smith was unable to cite a single case finding that Congress exceeded its constitutional authority in enacting § 1591(a). Conversely, this Court

has found multiple cases holding that § 1591(a) falls within Congress's authority under the Commerce Clause. U.S. Const. art. I, § 8, cl. 3. *See United States v. Evans*, 476 F.3d 1176, 1179 (11th Cir. 2007) (affirming the district court's holding that § 1591(a) was constitutional both facially and as applied to purely intrastate activities); *United States v. Campbell*, 111 F. Supp. 3d 340, 345 (W.D.N.Y. 2015) (citing several cases finding that "§ 1591 is a valid exercise of Congress's power under the commerce clause").

Once the Court finds that Congress has the authority to enact a federal criminal law, it is a given that the Government has the authority to prosecute and the Court has authority to adjudicate that federal offense. U.S. Const. art. III, § 2, cl. 1 (the Court's judicial power "shall extend to all Cases, in Law and Equity, arising under . . . the Laws of the United States"); *United States v. Volungus*, 595 F.3d 1, 6 (1st Cir. 2010) (the Government has the "incontestible national power to prosecute for federal crimes") (quotation omitted).

Having concluded that Smith is not entitled to relief, the Court must next determine whether a certificate of appealability should issue under 28 U.S.C. § 2253(c)(2). A certificate should issue if the movant has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000); *Murphy*, 263 F.3d at 467.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of

the constitutional claims debatable or wrong." The Court concludes that, for the reasons stated above, reasonable jurists could not find this Court's conclusion that Smith is not entitled to relief debatable or wrong. Therefore, the Court will deny Smith a certificate of appealability.

For the foregoing reasons, the Court will deny Smith's § 2255 Motion and deny Smith a certificate of appealability. A separate order will enter.


Dated: November 6, 2018                                        /s/ Gordon J. Quist
                                                             GORDON J. QUIST
                                                       UNITED STATES DISTRICT JUDGE